

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHANNING MURRY, | § | No. 08-13-00356-CR |
| Appellant, | § | Appeal from the |
| v. | § | 394th District Court |
| THE STATE OF TEXAS, | § | of Presidio County, Texas |
| Appellee. | § | (TC# 3201) |
| | § | |

## MEMORANDUM OPINION

Channing Murry appeals the trial court's judgment convicting him of continuous sexual abuse of young child as charged in the indictment, and the assessment of 40 years' incarceration in the Texas Department of Criminal Justice, Institutional Division.   We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

After being indicted, Murry entered a plea of not guilty before the jury.   At trial, the State presented evidence from the Child's sister that she witnessed her stepfather, Appellant, sitting naked in a chair with his hand on the Child's head, which was going up and down on his erect penis.   The Child's mother testified that the Child told her that Appellant would put her in bed with him naked and would touch her breasts and vagina.   The Child testified that when the kids

stayed with Appellant, he would take her to his room and make her rub his penis and suck on it until white stuff came out. Appellant threatened to hurt her if she told anyone. This went on for a long time, even after she and her sister told their grandmother. After Appellant was arrested and informed of the charge, he told an arresting officer that he was not worried because the kids would never testify against him.

A unanimous jury found Appellant guilty and assessed punishment at forty years' confinement.

### *ANDERS* **BRIEF**

Murry's court-appointed appellate attorney has filed an *Anders* brief in support of his motion to withdraw as appointed counsel on appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State,* 573 S.W.2d 807, 813 (Tex.Crim.App. [panel opinion] 1978)(adopting the *Anders* procedure); *see also Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex.Crim.App. 1991). Pursuant to *Anders*, an attorney appointed to represent the appellant in an appeal from a criminal conviction has no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Counsel is thus permitted to withdraw after informing the court of his conclusion and the effort he made in arriving at that conclusion. *Id.*

In this case, Murry's attorney on appeal thoroughly searched the record and concluded that any issue raised on appeal would be frivolous and without merit. Counsel states that after reviewing the entire record, he concludes there are no non-frivolous issues to raise. In accordance with the *Anders'* requirements, counsel has moved to withdraw. Counsel certifies that he sent a copy of his Motion to Withdraw to Appellant at the Tulia Facility on the 15th day of April, 2014.

Counsel's brief and Motion to Withdraw present a thorough and professional evaluation of

the record demonstrating why there are no arguable grounds to be advanced; therefore it meets *Anders'* requirements. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Counsel properly notified Murry of the *Anders* brief and provided him with a copy, advised him of his right to examine the appellate record and file a *pro se* brief, and has informed this Court, in writing that he performed the foregoing requirements. *See In re Schulman,* 252 S.W.3d 403, 408 (Tex.Crim.App. 2008). The Court has also notified Appellant of his right to review the record and to file a pro se brief. Murry has not filed a *pro se* brief.

## INDEPENDENT REVIEW

When counsel files a proper *Anders* brief, the court of appeals must then conduct its own review of the record to ascertain if there are any arguable grounds for the appeal. *See Schulman,* 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have thoroughly reviewed both the record and counsel's brief and agree with counsel's professional assessment that an appeal is frivolous and without merit. Because there is nothing in the record that might arguably support the appeal, a further discussion of the arguable grounds advanced in counsel's *Anders* brief would add nothing to the jurisprudence of the State.

## CONCLUSION

We affirm the trial court's judgment.


STEVEN L. HUGHES, Justice

February 18, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)